1 | MCGUIREWOODS LLP
SIDNEY K. KANAZAWA #84608
2 | skanazawa@mcguirewoods.com
LESLIE M. WERLIN #67994
3 | lwerlin@mcguirewoods.com
DARREL C. MENTHE #186252
4 | dmenthe@mcguirewoods.com
1800 Century Park East, 8th Floor
5 | Los Angeles, California 90067
Telephone: (310) 315-8200
6 | Facsimile: (310) 315-8210

7 | Attorneys for Defendant Continental Tire North America, Inc.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11

12 | TOYO TIRE HOLDINGS OF
AMERICAS INC., a California
13 | corporation, as successor in interest to
TOYO TIRE INTERNATIONAL,
14 | INC.,

15

16 | Plaintiff,

17 | vs.

18

19 | CONTINENTAL TIRE NORTH
AMERICA, INC., an Ohio corporation,
20 | as successor in interest to GENERAL
TIRE, INC.; YOKOHAMA CORP. OF
21 | AMERICA, a California corporation;
GTY TIRE CO., an Ohio general
22 | partnership; and DOES 1-100,
inclusive,
23

24 | Defendants.

25

26

27

28

CASE NO. SACV10-00052 JVS (RNBx)

NOTICE OF REMOVAL
9 U.S.C. § 205; 28 U.S.C. §1441

Complaint Filed:        January 11, 2010

FILED

2010 JAN 13  AM 11: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY: _____

10412006.2

TO THE CLERK OF COURT:

PLEASE TAKE NOTICE that pursuant to 9 U.S.C. § 205 and 28 U.S.C. §1441, defendant Continental Tire North America, Inc. ("Continental") by and through its undersigned counsel hereby removes the above-captioned action, currently pending in the Superior Court of the State of California for the County of Orange, to the United States District Court for the Central District of California. Co-Defendant Yokohama Corporation of America (Yokohama US) joins in this petition for removal. Continental understands that defendant GTY Tire Co. has not been served and therefore need not join in this removal petition and need not join under 9 U.S.C. §205.

In support of this Notice of Removal, Continental states as follows:

1.    On or about January 11, 2010, Plaintiff herein filed a summons and complaint in the Superior Court of the State of California for the County of Orange, entitled <u>Toyo Tires Holdings of America, Inc. vs. Continental Tire North America, Inc., et al.</u>, Case No. 30-2010-00335112 ("the state court action"). The papers filed in this state court action as provided to Continental's counsel by counsel for Plaintiff are attached hereto as Exhibit A.

2.    This Court has original jurisdiction over this action under 9 U.S.C. § 203, which provides that any "An action or proceeding falling under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958] shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 is referred to here as "the Convention".

3.    Removal to federal court is proper under 9 U.S.C. §205, which provides as follows:

1          Where the subject matter of an action or proceeding

2          pending in a State court relates to an arbitration agreement

3          or award falling under the Convention, the defendant or

4          the defendants may, at any time before the trial thereof,

5          remove such action or proceeding to the district court of

6          the United States for the district and division embracing

7          the place where the action or proceeding is pending. The

8          procedure for removal of causes otherwise provided by

9          law shall apply, except that the ground for removal

10         provided in this section need not appear on the face of the

11         complaint but may be shown in the petition for removal.

12 9 U.S.C. § 205.

13      4.     The Supreme Court has consistently recognized "the emphatic federal

14 policy in favor of arbitral dispute resolution," a policy that "applies with special

15 force in the field of international commerce." *Balen v. Holland Am. Line, Inc.,* 583

16 F.3d 647, 655 (9th Cir. 2009) *citing Mitsubishi Motors Corp. v. Soler Chrysler-*

17 *Plymouth, Inc.,* 473 U.S. 614, 631 (1985). Further, "[A]n arbitration clause under

18 the Convention 'relates to' the plaintiff's suit whenever the clause could conceivably

19 have an affect on the outcome of the case. As a result, absent the rare frivolous

20 petition for removal, as long as the defendant claims in its petition that an arbitration

21 clause provides a defense, the district court will have jurisdiction to decide the

22 merits of that claim." *Beiser v. Weyler,* 284 F.3d 665, 671-2 (5th Cir. 2002).

23      5.     The complaint in the state court action references an agreement entered

24 into by Toyo Tires Holdings of America, Inc., General Tire (predecessor-in-interest

25 to Continental Tire North America), and Yokohama Corporation of America (the

26 "Partnership Agreement"). The partnership agreement, not attached to the

27 complaint, provides for arbitration (complaint paragraph 2). A copy of the

28 arbitration provision of the partnership Agreement is attached hereto as Exhibit B.

6.  Courts generally address four factors to determine whether an arbitration agreement arises under the Convention. "(1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states." *Balen,* 583 F.3d at 655.

7.  Each of these *Balen* factors is met here with respect to the arbitration clause in the Partnership Agreement. (*See* Exhibit A, Section 17.3): (1) The Partnership Agreement is an agreement in writing; (2) The Partnership Agreement provides for arbitration in Switzerland, a signatory to the Convention; (3) The Partnership Agreement plainly arises out of a commercial relationship concerning the manufacture of tires within the meaning of 9 U.S.C §202; and (4) the Partnership Agreement has a "reasonable relation" with at least one foreign state for the purposes of the application of the Convention.  As set forth therein, the Partnership Agreement: (a) is intended to meet the marketing needs of each "Partner Group" for the United States and Canada; (b) the Partner Group includes the parties' Japanese parent corporations, The Yokohama Rubber Company Ltd. ("Yokohama Japan") and Toyo Tire & Rubber Company, Ltd. ("Toyo Japan"); and (c) each Partner Group, which includes Yokohama Japan and Toyo Japan is required to contribute its best and most advanced technology for the partnership.

8.  Furthermore, the Partnership Agreement, although not attached to the state court complaint is part of a larger network of agreements, including a Joint Venture Formation Agreement ("Formation Agreement") between Continental (through its predecessor in interest General Tire), Yokohama Japan, and Toyo Japan.  The Formation Agreement contains a similar written arbitration provision to that in the Partnership Agreement.

9.     The arbitration provision in the Formation Agreement also meets all four *Balen* factors: (1) it is a written agreement; (2) it provides for arbitration in Switzerland, a signatory to the Convention; (3) it arises out a commercial contract; and (4) it is not entirely between U.S. citizens.  The state law suit Defendant seeks to remove also "relates to" the Formation Agreement within the meaning of 9 U.S.C. § 205.  The arbitration provision in the Formation Agreement therefore provides an independent basis for this Court's jurisdiction.

10.     The Formation Agreement further requires each of the parties to execute a guaranty in favor of the partners to the joint venture.  To that end, Toyo Japan and Yokohama Japan each executed such guaranty agreements.

11.     Each such guaranty also contains a similar arbitration provision to that of the Formation Agreement and the Partnership Agreement.

12.     The arbitration provisions in the Toyo Japan Guaranty and the Yokohama Japan Guaranty also meet all four *Balen* factors: (1) they are in writing; (2) they provide for arbitration in Switzerland, a signatory to the Convention; (3) they arise out of a commercial contract; and (4) they are not entirely between U.S. citizens.  Therefore, the state law suit also "relates to" the guaranty agreements within the meaning of 9 U.S.C. § 205, each of which provides an additional independent basis for this Court's jurisdiction.

13.     Defendants will seek to compel arbitration with respect to each of these agreements.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1     WHEREFORE, Defendant Continental respectfully for itself and Yokohama

2  US requests that the above-captioned action now pending in the Superior Court of

3  California, County of Orange, be removed to the United States District Court for the

4  Central District of California, and that the District Court assume jurisdiction over

5  this action and enter such other and further orders as many be necessary to

6  accomplish the removal and promote the ends of justice.

7
8                              MCGUIREWOODS LLP

9
10                      By: _____

11                              Leslie M. Werlin
                                Attorneys for Defendant Continental Tire
12                              North America, Inc.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT   A**

COPY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 1 1 2010

ALAN CARLSON, Clerk of the Court

BY: S. HERRERA-WILSON ,DEPUTY

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   DONNA D. MELBY (SB# 86417)
2  donnamelby@paulhastings.com
   DANIEL PRINCE (SB# 237112)
3  danielprince@paulhastings.com
   515 South Flower Street
4  Twenty-Fifth Floor
   Los Angeles, CA 90071-2228
5  Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
6
   Attorneys for Plaintiff
7  TOYO TIRE HOLDINGS OF AMERICAS INC., as
   successor in interest to TOYO TIRE INTERNATIONAL,
8  INC.

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF ORANGE 30-2010

11 TOYO TIRE HOLDINGS OF            Case No.  00335112
   AMERICAS INC., a California
12 corporation, as successor in interest to   Assigned for All Purposes to:
   TOYO TIRE INTERNATIONAL, INC.,   Hon. JUDGE FRANCISCO F. FIRMAT
13                                   Dept.         DEPT. C15
14              Plaintiff,           PLAINTIFF TOYO TIRE HOLDINGS OF
                                     AMERICAS INC.'S COMPLAINT
15    vs.                            AGAINST DEFENDANTS CONTINENTAL
                                     TIRE NORTH AMERICA, INC.,
16 CONTINENTAL TIRE NORTH           YOKOHAMA CORP. OF AMERICA, AND
   AMERICA, INC., an Ohio corporation, as   GTY TIRE CO.
17 successor in interest to GENERAL TIRE,
   INC.; YOKOHAMA CORP. OF
18 AMERICA, a California corporation; GTY
   TIRE CO., an Ohio general partnership;
19 and DOES 1-100, inclusive,

20              Defendants.

21

22

23

24

25

26

27

28

TOYO'S COMPLAINT AGAINST DEFENDANTS

EXHIBIT A

Plaintiff Toyo Tire Holdings of Americas Inc., as successor in interest to Toyo Tire International, Inc. alleges as follows:

## I.  SUMMARY OF THE ACTION

1.     Plaintiff Toyo Tire Holdings of Americas Inc., as successor in interest to Toyo Tire International, Inc. (collectively, "Toyo" or "Plaintiff"), submits this Complaint pursuant to California Code of Civil Procedure § 1281.8(b), which provides that a Court may grant a provisional remedy in connection with an arbitrable controversy pending resolution of the matter by an Arbitral Tribunal.  In this case, the Partnership Agreement dated November 21, 1988 (the "Partnership Agreement") provides that all disputes arising thereunder shall be arbitrated in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce (the "ICC"); and, such Partnership Agreement was executed by Toyo, Continental Tire North America, Inc., as successor in interest to General Tire, Inc. ("Continental"), and Yokohama Corporation of America ("Yokohama") (collectively, the "Partners").  *Therefore, as set forth herein, this Complaint is filed in aid of arbitration, as it seeks provisional relief until such time as an Arbitral Tribunal is constituted and such Arbitral Tribunal renders a decision on the merits.*

2.     The Partnership Agreement provides for the organization and operation of a general partnership named GTY Tire Company ("GTY") to conduct the Partners' joint venture business of manufacturing truck and bus radial tires.[1]

3.     After operating for more than 21 years pursuant to the Partnership Agreement, *see* Exhibit A,[2] and despite Toyo's longtime good standing in that Partnership, beginning on or about December 22, 2009, Continental and Yokohama, acting illegally and in concert with one another,

---

[1]     Continental, Yokohama, and GTY shall be referred to in this Complaint collectively as the "Defendants."  Defendants and Toyo shall be collectively referred to in this Complaint as the "Parties."

[2]     Given the confidentiality concerns, Toyo will make available for the Court's *in camera* inspection (at the *Ex Parte* hearing) a true and correct copy of the Partnership Agreement, as well as all of the other Exhibits to which this Complaint refers.  There is no prejudice to Defendants, as Defendants already possess copies of such documents.

1  have willfully, wrongfully, and maliciously threatened to expel Toyo from the Partnership,

2  purported to seize the supply of tires to which Toyo is entitled under the Partnership Agreement

3  for their own benefit, and engaged in a deceptive, unfair, and malicious pattern of business

4  practices, which includes disparaging Toyo, at a critical time in the market cycle that is part of a

5  wrongful scheme designed to destroy Toyo's ability to sell tires in the North American market.

6      4.    Defendants' actions constitute blatant breaches of Defendants' express obligations

7  under the Partnership Agreement, including but not limited to breaches of their fiduciary duties

8  and duties of loyalty to Toyo, breaches of the covenant of good faith and fair dealing, violations

9  of the Unfair Competition Law under Cal. Bus. & Prof. Code § 17200 *et seq.*, intentional

10 interference with both Toyo's contractual relationships with its customers and Toyo's prospective

11 business opportunities in the market, and slander per se – all designed to destroy good will with

12 customers and potential customers in the marketplace as well as Toyo's ability to sell tires in the

13 North American tire market.

14     5.    Defendants' wrongful, willful, and malicious actions, if allowed to continue, will

15 cause Toyo irreparable harm and injury for which Toyo specifically requests that the Court issue

16 provisional and interim injunctive relief to preserve the *status quo ante* under the Partnership

17 Agreement, including the continued supply of truck and bus radial tires, as provided for therein,

18 until a final award on the merits is rendered by the ICC's Arbitral Tribunal.[3]  Such interim relief

19 should:  (a) prohibit Defendants from terminating the Partnership Agreement in contravention of

---

21  [3]    Note that Article 23(2) of the ICC Rules of Arbitration contemplates such action, as it
22  states the following:

23      Before the file is transmitted to the Arbitral Tribunal, and in appropriate
    circumstances even thereafter, *the parties may apply to any competent judicial*
24      *authority for interim or conservatory measures.  The application of a party to a*
    *judicial authority for such measures or for the implementation of any such*
25      *measures ordered by an Arbitral Tribunal shall not be deemed to be an*
    *infringement or a waiver of the arbitration agreement* and shall not affect the
26      relevant powers reserved to the Arbitral Tribunal.  Any such application and any
    measures taken by the judicial authority must be notified without delay to the
27      Secretariat.  The Secretariat shall inform the Arbitral Tribunal thereof.

28  (emphasis added).

-2-

1  the express terms of the Partnership Agreement and prohibit the intentional and malicious cutting

2  off of the supply of truck and bus radial tires to which Toyo is entitled under the Partnership

3  Agreement; and (b) forbid Continental and Yokohama from further engaging in wrongful,

4  deceptive, and malicious efforts to destroy Toyo's relationships with its customers.  Such an order

5  for interim relief is immediately necessary to:  (a) prevent irreparable harm to Toyo by permitting

6  Toyo to continue to receive truck and bus radial tires pursuant to the terms of the Parties'

7  Partnership Agreement; (b) cause no harm to Defendants; and (c) protect the subject matter of the

8  Parties' dispute until a final award on the merits by the Arbitral Tribunal.

9  **II.    THE PARTIES**

10      **A.    Plaintiff: Toyo**

11      6.    The Plaintiff **Toyo** is, and at all relevant times was, a corporation duly organized

12  and existing under the laws of the State of California.  Toyo's principal address is 5900-A Katella

13  Avenue, Suite 200, Cypress, California 90630, United States of America.

14      7.    Toyo succeeded to the rights and interests of Toyo Tire International, Inc., a

15  California corporation, by way of a corporate name change on December 26, 2007.  Toyo owns a

16  minority interest in the Partnership – GTY – formed by Toyo, Yokohama, and General Tire, Inc.,

17  the predecessor in interest to Continental.

18      8.    Toyo is, and at all relevant times herein was, engaged in the business of

19  manufacturing, marketing, and selling a complete line of replacement tires for automobiles, light

20  trucks and sport utility vehicles as well as commercial trucks, buses, off-road vehicles, and

21  construction applications.

22      **B.    Defendants:  Continental, Yokohama, and GTY**

23      9.    Defendant **Continental** is, and at all relevant times was, a corporation duly

24  organized and existing under the laws of the State of Ohio.  Toyo is informed and believes that

25  Continental's principal address is 1830 MacMillan Park Drive, Fort Mill, South Carolina 29707,

26  United States of America.

27          a.    Upon information and belief, Continental succeeded to the rights and

28              interests of General Tire, Inc., an Ohio corporation.

-3-

1    b.    Continental is, and at all relevant times herein was, engaged in the business

2          of manufacturing, marketing, and selling automobile, bus, and truck tires.

3    c.    Continental, together with Plaintiff Toyo and Defendant Yokohama, is a

4          member of the Partnership (GTY) that is the subject of this dispute.

5          Continental owns a majority interest in the Partnership.

6    10.   Defendant **Yokohama** is, and at all relevant times was, a corporation duly

7  organized and existing under the laws of the State of California.  Toyo is informed and believes

8  that Yokohama's principal address is 601 S. Acacia Avenue, Fullerton, California 92831, United

9  States of America.

10   a.    Yokohama is, and at all relevant times herein was, engaged in the business

11         of manufacturing, marketing, and selling automobile, bus, and truck tires.

12   b.    Yokohama, together with Plaintiff Toyo and Defendant Continental, is a

13         member of the Partnership (GTY) that is the subject of this dispute.

14         Yokohama owns a minority interest in the Partnership.

15   11.   Defendant **GTY** is, and at all relevant times was, a general partnership duly

16  organized and existing under the laws of the State of Ohio.

17   a.    The Partners in the GTY Partnership are Toyo, Continental, and

18         Yokohama.  *See* Partnership Agreement, ¶ 2.

19   b.    The manufacturing operations of GTY are, and at all relevant times were,

20         located at the site of Continental's passenger car, truck, and bus tire

21         production facility located on Highway 142 South, Mount Vernon, Illinois

22         62864, United States of America (the "Mount Vernon Plant").

23   c.    The purpose of the Parties' Partnership, GTY, is, and at all relevant times

24         was, to arrange for the production of truck and bus radial tires for the

25         marketing needs of Toyo, Yokohama, and Continental, respectively, in

26         North America.

27   12.   Toyo is currently unaware of the true names and capacities of the defendants sued

28  herein as Does 1 through 100, inclusive (the "Doe Defendants"), and, therefore, Toyo sues the

-4-

1  Doe Defendants by such fictitious names.  Toyo shall amend this Complaint to allege the true

2  names and capacities of the Doe Defendants when they are ascertained.  Upon information and

3  belief, Toyo alleges that the Doe Defendants are the partners, agents, employees or principals,

4  and co-conspirators of Defendants and each other; and, that the Defendants and the Doe

5  Defendants performed the acts and conduct herein alleged directly, aided and abetted the

6  performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts

7  and conduct, and therefore each of the Doe Defendants are liable to Toyo to the extent of the

8  liability of Defendants as alleged herein.

9  **III.   JURISDICTION AND VENUE**

10       13.    This Court has personal jurisdiction over Continental, as set forth below:

11              a.    Continental is, and at all relevant times was, qualified to do business in the

12                    State of California.

13              b.    Continental maintains, and at all relevant times did maintain, a registered

14                    agent for service of process in the State of California.

15              c.    Upon information and belief, Continental's products (*e.g.,* automobile,

16                    truck, and bus tires) are widely distributed in the State of California

17                    through Continental's network of authorized retailers, some of which are

18                    located in this State.

19              d.    Upon information and belief, Continental has purposefully availed, and at

20                    all relevant times did purposefully avail, itself of the benefits of conducting

21                    business in the State of California by placing its products into the stream of

22                    commerce in this State and directing advertising towards residents of this

23                    State.

24              e.    Upon information and belief, Continental has purposefully availed, and at

25                    all relevant times did purposefully avail, itself of the benefits of conducting

26                    business in the State of California by operating and/or maintaining several

27                    facilities in this State, including warehouse space that Continental leases to

28                    Toyo.

-5-

1       f.   As set forth more fully below, Continental executed a Partnership

2          Agreement with Toyo and Yokohama (both of which are California

3          corporations) in 1988, thereby forming GTY.

4       g.   The Partnership Agreement constitutes a long-term contractual relationship

5          between Continental, Yokohama, and Toyo that envisions wide-reaching

6          contacts between the Parties.

7       h.   This dispute arises out of Continental's breach of the Partnership

8          Agreement.

9       i.   Continental's representatives have traveled to and attended Partnership

10         meetings in the State of California.

11      j.   Upon information and belief, Continental has purposefully established

12         minimum contacts within the State of California, such that it would be

13         reasonable to subject Continental to personal jurisdiction in this State with

14         respect to Toyo's claims.

15  14.   This Court has personal jurisdiction over Yokohama, as set forth below:

16      a.   Yokohama is, and at all relevant times was, a corporation duly organized

17         and existing under the laws of the State of California, with its principal

18         place of business in Orange County, California.

19      b.   In addition, as set forth above, Yokohama is a Party to the Partnership

20         Agreement and this dispute arises out of Yokohama's breach of the same.

21      c.   Upon information and belief, it would be reasonable to subject Yokohama

22         to personal jurisdiction in this State with respect to Toyo's claims.

23  15.   This Court has personal jurisdiction over GTY, as set forth below:

24      a.   GTY, a Partnership, has purposefully availed itself of the benefits and

25         protections of California law given that two of its Partners, Toyo and

26         Yokohama, are corporations that have been duly organized and are existing

27         under the laws of the State of California, both of which have their principal

28         place of business in Orange County, California.

| | | |
|---|---|---|
| 1 | b. | Upon information and belief, GTY has conducted Partner meetings in the |
| 2 | | State of California in each of the past two years. |
| 3 | c. | Upon information and belief, for purposes of establishing jurisdiction, the |
| 4 | | minimum contacts of Yokohama and/or Continental may be imputed to |
| 5 | | GTY as each Partner is an agent of GTY. |
| 6 | d. | Therefore, Toyo hereby incorporates by reference the personal jurisdiction |
| 7 | | allegations set forth against Continental and/or Yokohama, as the minimum |
| 8 | | contacts of these Partners may be attributed to GTY. |
| 9 | e. | Upon information and belief, it would be reasonable to subject GTY to |
| 10 | | personal jurisdiction in this State with respect to Toyo's claims. |

16. Pursuant to California Code of Civil Procedure Section 395(a), venue is proper in this Court because at least one Defendant, Yokohama, resides in Orange County, California.

## IV.   FACTUAL ALLEGATIONS

### A.   The Parties' 21 Year Partnership Under the Partnership Agreement

17. On September 14, 1988, Continental's predecessor in interest, General Tire, Inc., Toyo's Japanese parent company, Toyo Tire & Rubber Co., Ltd. ("Toyo-Japan"), as well as Yokohama's Japanese parent company, the Yokohama Rubber Co., Ltd. ("Yokohama-Japan"), entered into a Joint Venture Formation Agreement. *See* Exhibit B. The Joint Venture Formation Agreement contemplated the execution of additional agreements, including the Partnership Agreement, a Purchase Agreement, a Construction and Operating Agreement, a Guaranty, and a Technology Agreement (collectively, the "Related Agreements").

18. The Joint Venture Formation Agreement and the Related Agreements contemplated that Toyo-Japan and Yokohama-Japan each would cause to be formed a U.S. subsidiary (*e.g.*, Toyo and Yokohama, respectively) and that such U.S. subsidiaries, along with General Tire, Inc., would execute a Partnership Agreement.

19. Nearly two months after the execution of the Joint Venture Formation Agreement, recognizing the efficiencies associated with pooling their financial and technical resources, Toyo (the U.S. subsidiary of Toyo-Japan), Yokohama (the U.S. subsidiary of Yokohama-Japan), and

-7-

1  General Tire, Inc. (the predecessor in interest to Continental) executed the Partnership

2  Agreement, which was dated as of November 21, 1988.  *See* Exhibit A.

3          20.      Pursuant to the Partnership Agreement, General Tire, Inc., Toyo, and Yokohama

4  (collectively, the "Partners") formed GTY to arrange for the production of truck and bus radial

5  tires at two manufacturing plants (collectively, the "GTY Plant") located within the Mount

6  Vernon Plant in Mount Vernon, Illinois, to satisfy each of the Partners' North American

7  marketing needs for such products.

8          21.      The Partnership Agreement was amended by an Amendment to the Partnership

9  Agreement (the "Amendment"), which was entered into as of August 2, 1990 among the Partners

10  to the Partnership Agreement.  *See* Exhibit C.

11      **B.**        **The Partnership Agreement Expressly Forbids the Expulsion of Toyo From**

12                  **the Partnership Except in Specifically Enumerated Circumstances and in**

13                  **Accordance With a Specified Procedure**

14          22.      Under the Partnership Agreement, each of the Partners made initial capital

15  contributions to form the Partnership in exchange for a percentage interest in GTY.  *See* Exhibit

16  A (Partnership Agreement, ¶¶ 2.5 and 3.1).

17          23.      Pursuant to the Partnership Agreement and Related Agreements, each of the

18  Partners committed to source its full requirement of truck and bus radial tires, up to its agreed-

19  upon allocated share of the capacity of the GTY Plant, from GTY to satisfy the demands of their

20  respective customers in North America.  *See* Exhibit A (Partnership Agreement, ¶¶ 2.1 and 11.1).

21          24.      To optimize the production of tires, the Partners agreed to share the best and most

22  advanced truck and bus radial tire technology.  *See* Exhibit A (Partnership Agreement, ¶ 12.1).

23          25.      Significantly, under the Partnership Agreement, each of the Partners

24  "acknowledge[d] and agree[d] that it now has and will continue to have during the Term of the

25  Partnership a fiduciary relation to the Partnership and to each other Partner," such as a fiduciary

26  duty of care and loyalty.  *See* Exhibit A (Partnership Agreement, ¶ 5.3(b)).

27          26.      The Partnership Agreement expressly provides that "[e]ach Partner agrees that it

28  shall act in good faith and on a fair dealing basis with the Partnership."  *See id.*

-8-

27.     Article XV of the Partnership Agreement sets forth the limited and exclusive situations in which the Partnership between General Tire, Inc., Toyo, and Yokohama could dissolve, including the departure of one of the Partners. *This provision stipulated that the "dissolution of the Partnership may not occur for any reason," except as expressly noted therein*. *See* Exhibit A (Partnership Agreement, ¶ 15.1).

28.     Under the Partnership Agreement, if GTY was dissolved by virtue of the departure of Toyo or Yokohama, the remaining Partners would be obligated to continue the Partnership in accordance with Article XV. *See* Exhibit A (Partnership Agreement, ¶ 15.2).

29.     Article 15.1(f) of the Partnership Agreement (as amended) provides that the Partnership may be dissolved as follows:

> If any Partner should hereafter enter into a technology exchange or collaboration agreement regarding tire technology with a Major Competitor of the other Partners in the tire business, upon joint written notice from two Partners. A Major Competitor shall be deemed to be any manufacturing company whose tire sales are ranked among the top six in the world.

*See* Exhibit C (Amendment, ¶ 2).

30.     In the event of a dissolution and/or termination of the Partnership, Article 15.2(iv) expressly provides for an orderly two year transitional supply period, such that a Partner which is departing from the Partnership would have the "right and obligation" to purchase its allocation of truck and bus radial tires for the remainder of the current Fiscal Year and for two Fiscal Years thereafter. Article 15.2(iv) states:

> In the event of the Departure of a Departing Partner (other than pursuant to an event listed in Section 15.1(e) hereof), the Departing Partner shall have the option to retain its rights and obligations under the TBR Purchase Agreement to purchase JV TBR Tires not acquired by the Continuing Partners pursuant to the fourth sentence in subsection (i) of this Section 15.2 prior to the exercise by the Departing Partner of its option to this subsection (iv) (the "Remaining JV TBR Tires") for the remainder of the Fiscal Year in which the Departure occurred and for two Fiscal Years thereafter, which option must be exercised within 60 days of its Departure[.]

As the plain language of Article 15.2(iv) clearly indicates, this option is available to a Departing Partner regardless of the basis on which the Departure occurs, other than a Departure for the

-9-

1  bankruptcy/insolvency grounds provided for in Section 15.1(e), which are not applicable here.

2      **C.**    <u>**Continental and Yokohama are Engaged in a Systematic, Intentional,**</u>

3          <u>**Wrongful, and Malicious Course of Conduct Designed to Expel Toyo from the**</u>

4          <u>**Partnership and to Prevent Toyo from Competing in the North American**</u>

5          <u>**Market**</u>

6      31.    On December 22, 2009, on the eve of the Christmas holiday, Continental and

7  Yokohama jointly sent Toyo a letter purporting to expel Toyo from the Partnership and to

8  dissolve the Partnership Agreement.  The joint letter claimed that the Partnership would be

9  dissolved because "Toyo ha[d] entered into an agreement with Bridgestone Corporation pursuant

10  to which [Toyo and Bridgestone] have been promoting closer collaboration on tire technology"

11  and incorrectly invoked Article 15.1(f), as amended, of the Partnership Agreement.[4]  *See* Exhibit

12  D, p. 1.

13      32.    Although Continental and Yokohama were aware that Toyo was closed for the

14  holidays (from December 24 through 27, 2009), the December 22, 2009 letter declared that:

15          a.    The Partnership would "automatically" confiscate Toyo's Partnership

16              interest;

17          b.    Continental and Yokohama acquired the right to purchase Toyo's full

18              allotment of truck and bus radial tires from GTY;

19          c.    Continental and Yokohama intended to dissolve the Partnership on

20              December 31, 2009 – *nine days (including Christmas Eve, Christmas*

21              *Day, and New Year's Eve) after the letter was sent to Toyo*;

22          d.    Continental, Yokohama, and all of their Affiliates would continue to use

23              the technology of the Partnership; and that

24

25

---

26  [4]    As set forth above, Article 15.1(f) of the Partnership Agreement, as amended, provides

27  that the Partnership may be dissolved "[i]f any Partner should hereafter enter into a technology exchange or collaboration agreement regarding tire technology with a Major Competitor of the

28  other Partners[.]"  *See id.*

TOYO'S COMPLAINT AGAINST DEFENDANTS

1          e.       Toyo shall not be permitted to compete in the North American truck and

2                   bus radial tire market by selling truck and bus radial tires made in North

3                   America for five years.

4    *See* Exhibit D.

5          33.     The purported reason for expelling Toyo from the Partnership – namely, that Toyo

6    had entered into an agreement with Bridgestone – is a transparent pretextual attempt by

7    Continental and Yokohama to justify their illegal scheme to prevent Toyo from competing in the

8    North American market. On or about May 16, 2008 – *over 19 months before Continental and*

9    *Yokohama sent the letter terminating the Partnership* – Toyo-Japan issued a press release

10   announcing that it had entered into a business and capital alliance agreement with Bridgestone

11   Corporation ("Bridgestone"). *See* Exhibit E. As that press release makes clear, the business and

12   capital alliance agreement was between Bridgestone and Toyo-Japan – *not* the U.S. subsidiary,

13   Toyo, which is the only Toyo entity that is a Party to the Partnership (GTY). Indeed, the term

14   "Partner," as used in Section 15.1(f), is specifically defined in Appendix A to the Partnership

15   Agreement, which provides that the term Partners includes *only* "General [now Continental],

16   Yokohama-US and Toyo-US, for so long as such person remains a partner pursuant to the

17   Partnership Agreement." Furthermore, in Appendix A, there is a separately defined term,

18   "Partner Group," which specifically includes the parent companies of the Partners, and which was

19   not used in Section 15.1(f).

20         34.     Neither the May 16, 2008 press release nor any business and capital alliance

21   agreement between Toyo-Japan and Bridgestone amounts to a "technology exchange or

22   collaboration agreement," within the plain language of the Amendment.

23         35.     Moreover, the parent company of Continental (Continental AG in Germany) and

24   the parent company of Yokohama (Yokohama-Japan in Japan) have entered into similar

25   technology agreements with Bridgestone, and Continental AG also has entered into a technology

26   agreement with Pirelli, which demonstrates that the Partners have correctly read Section 15.1(f)

27   as being limited to the domestic entities that are Partners under the Partnership Agreement.

28

-11-

TOYO'S COMPLAINT AGAINST DEFENDANTS

36.     By virtue of the purported expulsion of Toyo from the Partnership and the dissolution of GTY as set forth in their December 22, 2009 letter, the Defendants threatened wrongfully to cease production of truck and bus radial tires for supply to Toyo, and sought to destroy Toyo's ability to compete in the truck and bus radial tire market, without providing for an orderly transition of product supply as provided for in the Partnership Agreement.

D.     **Despite Defendants' Intentional Bad Faith Efforts, They Have Refused to Rescind Their Wrongful Expulsion of Toyo from the Partnership and Their Purported Dissolution of GTY**

37.     On December 28, 2009, Toyo responded to the December 22, 2009 letter, giving Defendants formal notice of what they already were aware – that Toyo will suffer severe and irreparable financial, marketplace, and reputational damage if GTY breaches its fiduciary obligations through Defendants' threatened cut off of Toyo's annual supply of nearly 290,000 units of truck and bus radial tires, particularly given that Defendants gave "notice" to Toyo of the dissolution of GTY a mere nine days in advance of the anticipated dissolution. *See* Exhibit F. Toyo's December 28, 2009 letter clarified that the business and capital alliance agreement between Toyo-Japan and Bridgestone had not resulted in any technology transfer or technology exchange agreement and Toyo objected to the timing, methods, and impact of the Defendants' actions on Toyo and the Partnership. *See* Exhibit F.  The letter concluded with a request that, notwithstanding the Defendants' breach of fiduciary duty to Toyo, the Parties meet in January 2010 at a Special Meeting of the Partners to discuss the matter.  The letter also requested that the December 22, 2009 dissolution notice be suspended at least until after Defendants and Plaintiff had an opportunity to meet at the proposed Special Meeting. *See id.*, pp. 1-2.

38.     On December 29, 2009, Continental and Yokohama agreed to meet on January 8, 2010 to discuss the issues among the Parties, to suspend the December 22, 2009 notice of dissolution through January 8, 2010, and to continue GTY's production of Toyo's supply of truck and bus radial tires through that date.  Toyo was requested to travel out of the state for said meeting to make a meeting more convenient to Defendants. *See* Exhibit G.  Toyo agreed to accommodate the request of Defendants.

-12-

39.      On December 30, 2009, Toyo confirmed its participation in the January 8, 2010

Special Meeting, without waiver of its position that the dissolution threatened by Defendants of

the Partnership or intentional disruption of, and interference with, GTY's product supply to Toyo

would be wrongful, and reminded Continental and Yokohama that the threatened expulsion of

Toyo would constitute a breach of the Partnership Agreement and the fiduciary duties owed to

Toyo by Continental and Yokohama.  *See* Exhibit H.

40.      On January 8, 2010, representatives of each of the Partners met for a Special

Meeting of the Partners to discuss, *inter alia*, the December 22, 2009 letter purporting to be a

dissolution notice.  Despite this Special Meeting, Defendants refused to withdraw their

dissolution notice, thereby furthering their intentional and malicious efforts to effect Toyo's

wrongful expulsion from the Partnership.  Representatives from Continental and Yokohama also

stated at the meeting, though, that they would temporarily suspend the December 22, 2009 notice

of dissolution only through Wednesday, January 13, 2010, and would continue GTY's supply of

truck and bus radial tires to Toyo only through that date.

41.      Notwithstanding Toyo's strenuous disagreement with and protestations about the

Defendants' wrongful and malicious concerted effort to expel Toyo from the Partnership, all in

contravention to the terms and conditions of the Partnership Agreement and all to the damage of

Toyo, on January 9, 2010, Toyo sent a letter to Continental and Yokohama stating that Toyo was

invoking its right to purchase truck and radial tires for the remainder of the current Fiscal Year

and for two remaining Fiscal Years in accordance with the clear transition supply provisions of

Article 15.2(iv) of the Partnership Agreement.  *See* Exhibit I.  In sum, Defendants' actions

constitute an intentional, wrongful, and malicious scheme by the Defendants that was designed to

interfere with Toyo's relationships with its customers and destroy Toyo's ability to compete in

the North American market.

E.      **Defendants' Willful and Malicious Expulsion of Toyo from the Partnership and Related Actions are Causing Irreparable Harm to Toyo**

42.      By virtue of the threatened willful, wrongful, and malicious expulsion of Toyo

from GTY, Defendants, acting in concert, have refused, and are continuing to refuse, to:  (a)

-13-

1   manufacture truck and bus radial tires for supply to Toyo from and after January 13, 2010; and

2   (b) provide tires to Toyo in accordance with the transition supply provisions of Article 15.2(iv) of

3   the Partnership Agreement.

4        43.    Defendants' concerted intentional, malicious, and wrongful actions in disrupting,

5   disadvantaging, and irreparably damaging Toyo, all to their own benefit, through the wrongful

6   cessation of the production of truck and bus radial tires for supply to Toyo consistent with the

7   Partnership Agreement, will prevent Toyo from fulfilling the demands of its North American

8   customers, resulting in severe damage to the business and reputation of Toyo, including, but not

9   limited to the elimination of years of goodwill which Toyo has worked diligently to build with its

10   customers. Based on prior orders and sales history, Toyo would have continued to supply its

11   North American customers with truck and bus radial tires that were supplied by GTY. Indeed,

12   historically, Toyo has justifiably relied upon the GTY Partnership, for the past 21 years, to supply

13   it with its allocation of truck and bus radial tires for distribution in North America (which, for

14   2010, is nearly 290,000 tires), as expressly set forth in the Partnership Agreement. *See* Exhibit A

15   (Partnership Agreement, ¶¶ 2, 11).

16        44.    As set forth above, if Toyo is prevented from purchasing its full allotment of truck

17   and bus radial tires from GTY through the wrongful, intentional, malicious, and concerted action

18   of Defendants, in repudiation of the express provisions of the Partnership Agreement, then Toyo

19   will be irreparably harmed because it will be unable to meet the demands of its North American

20   customers and will further be unable to target prospective customers. As Defendants are well

21   aware, Toyo sources the great majority of its North American supply of truck and bus radial tires

22   from GTY, and Toyo does not possess a readily available replacement supply of truck and bus

23   radial tires.

24        45.    As a tire distributor, Toyo offers a full menu of both truck and bus radial tires and

25   passenger car and light truck tires to customers. If Toyo is unable to fill its customers' orders of

26   truck and bus radial tires, customers, who prefer to deal with tire distributors that offer a full

27   complement of products, will also look elsewhere for supplies of passenger car and light truck

28   tires, thus causing Toyo to suffer untold present and future monetary and reputational damage,

1    including but not limited to the loss of customers that it has taken years to cultivate, loss of

2    goodwill, damage to reputation, and loss of shelf space in retail outlets.

3          46.    If Toyo is unable to promptly fill customer orders as the result of the bad faith

4    concerted wrongful action of Defendants, then Toyo's reputation in the industry will be

5    permanently damaged, Toyo's market share will be irreparably destroyed, and it will be

6    effectively prevented from doing business in North America resulting in damages, all caused by

7    the intentional, wrongful, and malicious actions of Defendants.

8          47.    Moreover, Defendants already have substantially damaged Toyo. Specifically,

9    Defendants are informed and believe that, beginning in December 2009 or January 2010,

10   Continental and/or Yokohama began to publicly announce to Toyo's customers and potential

11   customers that Toyo was expelled from the Partnership, that Toyo was no longer going to be able

12   to provide GTY-manufactured truck and bus radial tires to such customers and potential

13   customers, and that Continental and/or Yokohama would sell such tires to Toyo's customers and

14   potential customers. This disparaging and deceptive pattern of malicious conduct was and is

15   specifically designed by Continental and Yokohama to destroy Toyo's ability to sell truck and

16   bus radial tires in the North American market at a critical time in the market cycle.

17         48.    Given that Defendants intend to cut off Toyo's supply of truck and bus radial tires

18   on January 13, 2010, Toyo seeks immediate relief so that it may continue to serve its customers

19   pending a final decision on the merits.

20   **V.    CAUSES OF ACTION AGAINST ALL DEFENDANTS**

21         **A.    Breach of Contract**

22         49.    Toyo re-alleges and incorporates by reference each and every allegation in

23         paragraphs 1 through 48.

24         50.    The Partnership Agreement and Related Agreements obligated GTY to

25   manufacture the full requirement of truck and bus radial tires for each of its Partners, including

26   Toyo, and for each Partner to purchase its full requirement of tires from GTY each year, up to

27   each Partner's respective agreed-upon allocated share of the capacity of the GTY Plant.

28

-15-

51.     Defendants breached the Partnership Agreement by purporting to dissolve the Partnership, refusing to manufacture truck and bus radial tires for supply to, and purchase by, Toyo, and by purporting to seize Toyo's allocation for the wrongful benefit of Continental and Yokohama.

52.     Defendants have purported to dissolve GTY (and to expel Toyo from GTY) in contravention of Article XV of the Partnership Agreement, which provides that dissolution of the Partnership may *not* occur for any reason except as expressly stated therein.

53.     None of the conditions set forth in Article 15(f) of the Partnership Agreement have been satisfied because:

    a.    Toyo has not entered into any "technology exchange or collaboration agreement" with a "Major Competitor" in violation of the plain language of the Partnership Agreement (as amended);

    b.    The business and capital alliance agreement between Toyo-Japan and Bridgestone clearly does *not* breach Article 15(f) because the Partnership Agreement only restricts Toyo (the U.S. subsidiary) from entering into a "technology exchange or collaboration agreement" and has no effect on Toyo-Japan's ability to contract; and

    c.    The business and capital alliance agreement executed by and between Toyo-Japan and Bridgestone does not constitute a "technology exchange or collaboration agreement."

54.     Toyo has performed all of its obligations under the Partnership Agreement, and has incurred expenses in an amount to be determined at a hearing on the merits.

55.     Furthermore, even if Plaintiff were somehow deemed to be in violation of its obligations under the Partnership Agreement (which it is not), Defendants breached their obligations to Toyo under the Partnership Agreement by refusing to abide by the express transition provisions of Article 15.2(iv) of the Partnership Agreement, which provide that Toyo has the right and obligation to purchase truck and bus radial tires for the current Fiscal Year and two Fiscal Years thereafter.

-16-

TOYO'S COMPLAINT AGAINST DEFENDANTS

56.     Toyo has been irreparably damaged by Defendants' breaches of contract and continues to be damaged presently and will be damaged further until afforded relief from the intentional, wrongful, malicious, and concerted conduct of the Defendants.

**B.    <u>Breach of Fiduciary Duties</u>**

57.     Toyo re-alleges and incorporates by reference each and every allegation in paragraphs 1 through 48.

58.     Under the Partnership Agreement, each of the Partners acknowledged their fiduciary relationship to each other and to GTY. *See* Exhibit A (Partnership Agreement, ¶ 5.3(b)).

59.     As set forth above, GTY is an Ohio Partnership. Pursuant to Section 1776.44(C) of the Ohio Uniform Partnership Act ("OUPA"), a partner owes fiduciary duties (such as a duty of care and duty of loyalty) to the members of the partnership and other partners in the conduct of partnership business.

60.     Moreover, Section 1776.45(B) of the OUPA provides that a partner may maintain an action against the partnership and/or other partners for legal or equitable relief to enforce its rights under a partnership agreement.

61.     Under Section 1776.61 of the OUPA, an Ohio partnership may be dissolved upon the occurrence of an agreed-upon event, as specifically provided by a partnership agreement.

62.     Given the Parties' fiduciary relationship, Toyo placed the highest degree of confidence in the integrity and good faith of Defendants, and reasonably believed that Defendants would fulfill their obligations under the Partnership Agreement and use their best efforts to protect and preserve the Partnership.

63.     Defendants have breached their fiduciary obligations to Toyo by wrongfully, arbitrarily, maliciously, and without notice engaging in unfair business practices which include but are not limited to the threatened, actual, and constructive purported expulsion of Toyo from GTY and dissolving a 21 year old Partnership in derogation of Article XV of the Partnership Agreement (as none of the specific provisions of Article XV of the Partnership Agreement have been triggered) and the OUPA.

-17-

64.     Defendants have breached their fiduciary obligations to Toyo by arbitrarily cutting off Toyo's supply of truck and bus radial tires on short notice – knowing that Toyo had and has to fulfill its customer demand and that Toyo reasonably relied upon GTY as the primary source to satisfy such demand, as it had done historically for the previous 21 years – and by purporting to seize Toyo's allocation of tires for the wrongful benefit of Continental and Yokohama.

65.     Defendants have breached their fiduciary obligations to Toyo by refusing to abide by the transition provisions of Article 15.2(iv) of the Partnership Agreement, which provide that Toyo has the right and obligation to purchase truck and bus radial tires for the current Fiscal Year and two Fiscal Years thereafter.

66.     Upon information and belief, Defendants Continental and Yokohama have breached their fiduciary obligations to Toyo by publicly declaring to Toyo's customers and competitors that Toyo was expelled from the Partnership, that Toyo was no longer going to be able to provide GTY-manufactured tires to Toyo's customers, and that Continental and/or Yokohama could sell to Toyo's customers and potential customers.

67.     As set forth above, Defendants have failed to act as a reasonably careful Partner would have acted under the circumstances, within the meaning of the Partnership Agreement and/or the OUPA.

68.     As a direct and proximate result of Defendants' wrongful and illegal acts, Toyo will be unable to meet its customer demand for truck and bus radial tires, causing irreparable damage to its business and its reputation, and causing a significant loss of Toyo's customer base to Continental, Yokohama, and Toyo's other competitors.

**C.     Breach of the Duty of Loyalty**

69.     Toyo re-alleges and incorporates by reference each and every allegation in paragraphs 1 through 48.

70.     Under the Partnership Agreement, each of the Partners acknowledged their fiduciary relationship to each other and to GTY.  *See* Exhibit A (Partnership Agreement, ¶ 5.3(b)).

-18-

71.     As set forth above, GTY is an Ohio Partnership.  Pursuant to Section 1776.44(C) of the Ohio Uniform Partnership Act ("OUPA"), a partner owes fiduciary duties (such as a duty of care and duty of loyalty) to the members of the partnership and other partners in the conduct of partnership business.

72.     Moreover, Section 1776.45(B) of the OUPA provides that a partner may maintain an action against the partnership and/or other partners for legal or equitable relief to enforce its rights under a partnership agreement.

73.     Under Section 1776.61 of the OUPA, an Ohio partnership may be dissolved upon the occurrence of an agreed-upon event, as specifically provided by a partnership agreement.

74.     Given the Parties' fiduciary relationship, Toyo placed the highest degree of confidence in the integrity and good faith of Defendants, and reasonably believed that Defendants would fulfill their obligations under the Partnership Agreement and use their best efforts to protect and preserve the Partnership.

75.     Defendants knowingly acted against Toyo's interest by wrongfully, arbitrarily, maliciously, and without notice engaging in unfair business practices which include but are not limited to the threatened, actual, and constructive expulsion of Toyo from GTY and dissolving a 21 year old Partnership in derogation of Article XV of the Partnership Agreement (as none of the specific provisions of Article XV of the Partnership Agreement have been triggered) and the OUPA.

76.     Defendants have breached their duty of loyalty to Toyo by arbitrarily cutting off Toyo's supply of truck and bus radial tires on short notice – knowing that Toyo had and has to fulfill its customer demand and that Toyo reasonably relied upon GTY as the primary source to satisfy such demand, as it had done historically for the previous 21 years – and by purporting to seize Toyo's allocation of tires for the wrongful benefit of Continental and Yokohama.

-19-

77.     Defendants have breached their duty of loyalty to Toyo by refusing to abide by the transition provisions of Article 15.2(iv) of the Partnership Agreement, which provide that Toyo has the right and obligation to purchase truck and bus radial tires for the current Fiscal Year and two Fiscal Years thereafter.

78.     Upon information and belief, Defendants Continental and Yokohama have breached their duty of loyalty to Toyo by publicly declaring to Toyo's customers and competitors that Toyo was expelled from the Partnership, that Toyo was no longer going to be able to provide GTY-manufactured tires to Toyo's customers, and that Continental and/or Yokohama could sell to Toyo's customers and potential customers.

79.     As set forth above, Toyo did not give informed consent to Defendants' conduct.

80.     As a direct and proximate result of Defendants' wrongful and illegal acts, Toyo will be unable to meet its customer demand for truck and bus radial tires, causing irreparable damage to its business and its reputation, and causing a significant loss of Toyo's customer base to Continental, Yokohama, and Toyo's competitors.

**D.    Breach of the Covenant of Good Faith and Fair Dealing**

81.     Toyo re-alleges and incorporates by reference each and every allegation in paragraphs 1 through 48.

82.     The Partnership Agreement expressly provides that "[e]ach Partner agrees that it shall act in good faith and on a fair dealing basis with the Partnership." *See* Exhibit A (Partnership Agreement, ¶ 5.3(b)).

83.     Section 1776.44(D) of the OUPA also states that each Partner shall discharge its duties to the Partnership and other Partners consistent with the obligation of good faith and fair dealing.

84.     Defendants breached the covenant of good faith and fair dealing, thereby depriving Toyo of the benefits of the Partnership Agreement, by, *inter alia*, purporting to dissolve the Partnership in derogation of Article XV of the Partnership Agreement and refusing to manufacture truck and bus radial tires for supply to, and purchase by, Toyo, and by purporting to reallocate Toyo's tires to Continental and Yokohama.

-20-

85.     Toyo has performed all of its obligations under the Partnership Agreement and Toyo further alleges that Defendants breached the covenant of good faith and fair dealing by repudiating their obligation to perform under the Partnership Agreement (and the OUPA), thus causing damage to Toyo in an amount to be determined, including interest and attorneys' fees.

**E.     Violation of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.***

86.     Toyo re-alleges and incorporates by reference each and every allegation in paragraphs 1 through 48.

87.     Defendants engaged in unfair, unlawful, and/or deceptive business practices, in violation of California Business and Professions Code Section 17200 *et seq.*, by, *inter alia*, purporting to expel Toyo from GTY on a mere nine days' notice (after a 21 year Partnership) and refusing to manufacture truck and bus radial tires for supply to Toyo.

88.     Defendants uniquely control Toyo's supply of truck and bus radial tires in the North American market, as Toyo has procured such tires from GTY for more than 21 years under the Partnership Agreement; and, even if additional North American supplies of such tires were available, Toyo is purportedly precluded, pursuant to the provisions of Article 15.2(v) of the Partnership Agreement, from selling such tires in North America for a period of five years following its expulsion from the Partnership.

89.     Defendants' concerted act of expelling Toyo from GTY and refusing to manufacture truck and bus radial tires for supply to Toyo constitutes an unfair, unlawful, unreasonable, and/or deceptive business practice.

90.     Toyo must meet the demand from its North American customers with truck and bus radial tires that have been sourced from GTY.

91.     To satisfy its customer demand, Toyo must purchase its full requirement of truck and bus radial tires from GTY (which, in 2010, is nearly 290,000 tires), as Toyo has done for the last 21 years.

92.     Absent its supply of nearly 290,000 units of truck and bus radial tires from GTY, Toyo will be effectively excluded from competing in North America with other companies that are engaged in the business of manufacturing, marketing, and selling truck and bus radial tires.

-21-

93.    Defendants acted in concert to refuse to manufacture truck and bus radial tires that had been supplied to Toyo during a 21 year Partnership.

94.    Defendants' decision to cut off Toyo's access to the supply of truck and bus radial tires (in derogation of the Partnership Agreement) will cripple Toyo's ability to compete in the marketplace, render Toyo unable to satisfy the demands of its North American customers, and damage Toyo's reputation as a prompt supplier of truck and bus radial tires.

95.    Toyo has suffered, and will continue to suffer, irreparable damage as a result of Defendants' threatened wrongful expulsion, disparagement, and refusal to manufacture truck and bus radial tires for supply to Toyo.  For example, Toyo is placed in the untenable position of having to immediately identify another supplier, an unreasonable, unnecessary, and insurmountable challenge – particularly given Toyo's extensive history with GTY and Defendants' calculated and unreasonably short purported notice of the dissolution of GTY – from which it must source nearly 290,000 units to serve Toyo's North American customers.

96.    Defendants have purported to dissolve GTY and to expel Toyo from GTY in clear contravention of Article XV of the Partnership Agreement, which provides that dissolution of the Partnership may *not* occur for any reason, except as expressly stated therein.

97.    None of the conditions set forth in Article 15(f) of the Partnership Agreement have been satisfied, as set forth in more detail herein and as will be clear upon an in camera review of the Partnership Agreement.

98.    The purported immediate and wrongful expulsion of Toyo from GTY would effectively, and by concerted design, reduce the number of distributors of truck and bus radial tires in the North American marketplace.

99.    Under Section 17200, Defendants are strictly liable to Toyo for their unfair, unlawful, and/or deceptive business practices because Defendants have caused, and are continuing to cause, actual damage to Toyo, in an amount to be later proven, exclusive of costs and interest.

100.    Toyo seeks all remedies available under Section 17200, including, but not limited to, interim relief that preserves the *status quo ante* and prohibits Defendants from immediate and

-22-

1    wrongful termination of Toyo's status as a Partner in GTY and disrupting GTY's supply of truck

2    and bus radial tires to Toyo, pending a final award on the merits by the Arbitral Tribunal (as the

3    Partnership Agreement specifies that all disputes are subject to arbitration by the ICC).

4    **F.    Declaratory Judgment**

5    101.   Toyo re-alleges and incorporates by reference each and every allegation in

6    paragraphs 1 through 48.

7    102.   There is an actual, present controversy between Toyo and the Defendants, as Toyo

8    contends that it has satisfied its obligations under the Partnership Agreement, that its interest in

9    GTY should not and may not be extinguished, and that it is entitled to purchase its full allotment

10   of truck and bus radial tires from GTY, as it has done for nearly 21 years.

11   103.   Defendants have designed a plan to disadvantage their Partner, Toyo, and

12   advantage themselves in the marketplace through their wrongful and malicious threats of

13   immediate and wrongful termination of a 21 year Partnership in which Toyo has been a member

14   in good standing, and by purporting to seize Toyo's supply of truck and bus radial tires for their

15   own benefit, in plain derogation of the Partnership Agreement.

16   104.   Upon information and belief, Defendants also have taken the position that, for a

17   period of five years, they may preclude Toyo from competing in the North American truck and

18   bus radial tire market by selling truck and bus radial tires that have been sourced from the North

19   American manufacturing facilities of Toyo or another manufacturer.

20   105.   Toyo requests a declaration that its contentions, as set forth herein, are correct, and

21   that Defendants are prohibited from terminating Toyo's status as a Partner in GTY and disrupting

22   GTY's supply of truck and bus radial tires to Toyo, pending the Arbitral Tribunal's final award

23   on the merits.

24   106.   Toyo further requests a declaration that the Defendants' purported non-compete

25   clause is anticompetitive, illegal, and unenforceable.

26   **G.    Tortious Interference with Contractual Relations**

27   107.   Toyo re-alleges and incorporates by reference each and every allegation in

28   paragraphs 1 through 48.

-23-

108.    As set forth above, if Toyo is not permitted to purchase its full allotment of truck and bus radial tires from GTY, as expressly set forth in the Partnership Agreement, then Toyo will be unable to meet the demands of its North American customers.

109.    Defendants have willfully refused, and are refusing, to reinstate Toyo into the Partnership. Indeed, as of the date of the filing of this Complaint, Defendants have declared that they will cut off Toyo's supply of truck and bus radial tires on January 13, 2010.

110.    Defendants intend to interfere with Toyo's business and to disrupt Toyo's contractual relationships with customers given, *inter alia*, that:

    a.   As of January 13, 2010, Defendants will cut off Toyo's supply of truck and bus radial tires, thereby preventing Toyo from filling its customers' orders;

    b.   No alternative supply currently exists for the nearly 290,000 units, or more than a significant majority of Toyo's current forecasted truck and bus radial tires, that Toyo expected to source from GTY this year;

    c.   Defendants are knowingly seeking to deny Toyo any further supply of truck and bus radial tires notwithstanding the transition provisions of Article 15.2(iv) of the Partnership Agreement which provides that Toyo has the right and obligation to purchase truck and bus radial tires for the current Fiscal Year and two Fiscal Years thereafter; and

    d.   Defendants are knowingly seeking to destroy Toyo's truck and bus radial tire business by attempting to enforce a non-compete clause that is not enforceable but the attempted enforcement of which would prevent Toyo from obtaining truck and bus radial tires from another North American source and selling truck and bus radial tires in North America for the next five years. Hence, Defendants seek to wrongfully freeze Toyo out of the Partnership, which has been in effect since 1988, and, at the same time, to enforce a non compete clause, the enforceability of which is expressly denied by Toyo, to effectively remove Toyo from the marketplace in favor of replacement by them.

-24-

111.   Defendants were (and are) aware that their actions have caused, and will continue to cause, Toyo to suffer economic damages from the lost business of customers (and lost shelf space), and that customers are being inappropriately steered away from Toyo through Defendants' inappropriate and unlawful means.

112.   Defendants were (and are) aware that their actions have caused, and will continue to cause, Toyo to suffer economic damages from the lost business of customers (and lost shelf space), which customers are being inappropriately steered away from Toyo through Defendants' inappropriate and unlawful means.

113.   Unless enjoined, and as a proximate result of Defendants' actions, Toyo is being, and will continue to be, damaged irreparably through the loss of goodwill and customer relationships, as well as monetary and reputational damage, for which Toyo has no adequate remedy at law.

114.   Upon information and belief, Defendants have acted intentionally, willfully, unjustifiably, and maliciously for the purpose of, or with reckless indifference to, harming Toyo. Toyo therefore seeks an injunction and/or damages in an amount to be determined, including, but not limited to, punitive damages.

**H.   Tortious Interference with Prospective Economic Advantage**

115.   Toyo re-alleges and incorporates by reference each and every allegation in paragraphs 1 through 48.

116.   As set forth above, Toyo had and has valid business relationships with customers and potential customers with respect to truck and bus radial tires, and such relationships exist so as to yield future economic benefit to Toyo.

117.   If Toyo is not permitted to purchase its full allotment of truck and bus radial tires from GTY, as expressly set forth in the Partnership Agreement, then Toyo will be unable to meet the demands of its North American customers.

118.   Upon information and belief, Defendants were aware of these relationships and expectancies; nevertheless, Defendants are interfering with such relationships and expectancies with the improper purpose of soliciting Toyo's customers and diverting business for themselves

-25-

1   through improper means.  For example, Defendants intend to interfere with Toyo's business and

2   to disrupt Toyo's actual and prospective relationships with customers as illustrated by, *inter alia*,

3   the following:

4       a.    As of January 13, 2010, Defendants will cut off Toyo's supply of truck

5            and bus radial tires, thereby preventing Toyo from filling its customers'

6            orders;

7       b.    No alternative supply currently exists for the nearly 290,000 units that

8            Toyo expected to source from GTY this year;

9       c.    Defendants are knowingly seeking to deny Toyo any further supply of

10           truck and bus radial tires notwithstanding the transition provisions of

11           Article 15.2(iv) of the Partnership Agreement which provide that Toyo has

12           the right and obligation to purchase truck and bus radial tires for the current

13           Fiscal Year and two Fiscal Years thereafter; and

14      d.    Defendants are knowingly seeking to destroy Toyo's truck and bus radial

15           tire business by attempting to enforce a non-compete clause that is not

16           enforceable but the attempted enforcement of which would prevent Toyo

17           from obtaining truck and bus radial tires from another North American

18           source and selling truck and bus radial tires in North America for the next

19           five years.  Hence, Defendants seek to wrongfully freeze Toyo out of the

20           Partnership, which has been in effect since 1988, and, at the same time, to

21           enforce a non compete clause, the enforceability of which is expressly

22           denied by Toyo, to effectively remove Toyo from the marketplace in favor

23           of replacement by them.

24

25

26

27

28

119.   Defendants were (and are) aware that their actions have caused, and will continue to cause, Toyo to suffer economic damages from the lost business of customers and prospective customers (and lost shelf space), and that customers and prospective customers are being inappropriately steered away from Toyo through Defendants' inappropriate and unlawful means.

120.   Unless enjoined, and as a proximate result of Defendants' actions, Toyo has been, and will continue to be, damaged irreparably, monetarily and reputationally, through the loss of goodwill and customer relationships, for which Toyo has no adequate remedy at law, while Defendants are being unjustly enriched.

121.   Upon information and belief, Defendants have acted intentionally, willfully, unjustifiably, and maliciously for the purpose of, or with reckless indifference to, harming Toyo. Toyo therefore seeks an injunction and/or damages in an amount to be determined, including punitive damages.

**I.   Negligent Interference with Prospective Economic Advantage**

122.   Toyo re-alleges and incorporates by reference each and every allegation in paragraphs 1 through 48.

123.   As set forth above, Toyo had and has valid business relationships with customers and potential customers with respect to truck and bus radial tires, and such relationships exist so as to yield future economic benefit to Toyo.

124.   If Toyo is not permitted to purchase its full allotment of truck and bus radial tires from GTY, as expressly set forth in the Partnership Agreement, then Toyo will be unable to meet the demands of its North American customers.

125.   Upon information and belief, Defendants knew or should have known that their wrongful actions were, by design, likely to interfere with or disrupt Toyo's current and/or prospective economic relationships, as set forth below:

   a.   As of January 13, 2010, Defendants have expressly and impliedly threatened that they will cut off Toyo's supply of truck and bus radial tires, thereby preventing Toyo from filling its customers' orders;

-27-

b.    On information and belief, Defendants, or either of them, have disparaged Toyo in the marketplace;

c.    No alternative supply currently exists for the nearly 290,000 units that Toyo expected to source from GTY this year;

d.    Defendants seek to enforce a non compete clause at the same time that they wrongfully and maliciously breached their fiduciary duties to Toyo through their threatened or actual wrongful termination of Toyo's Partnership interest in GTY, in which Toyo has been engaged since 1988;

e.    The transition provisions of Article 15.2(iv) of the Partnership Agreement provide that Toyo has the right and obligation to purchase truck and bus radial tires for the current Fiscal Year and two Fiscal Years thereafter; and

f.    Defendants are seeking to destroy Toyo's truck and bus radial tire business and any prospective business by enforcing a non-compete clause that would prevent Toyo from obtaining truck and bus radial tires from another North American source and selling truck and bus radial tires in North America for the next five years.

126.    It was reasonably foreseeable that Defendants' wrongful conduct would interfere with and/or disrupt Toyo's economic relationships given Defendants' failure to exercise due care, particularly given Defendants' heightened duties of care and loyalty to their Partner, Toyo.

127.    Defendants' actions are designed to cause, and will continue to cause, Toyo to suffer economic and reputational damages from the lost business of customers and prospective customers (and lost shelf space), and that customers and prospective customers are being inappropriately steered away from Toyo through Defendants' inappropriate and unlawful means.

128.    Unless enjoined, and as a proximate result of Defendants' actions, Toyo has been, and will continue to be, damaged irreparably through the design of Toyo's own Partners through the loss of goodwill and customer relationships, for which Toyo has no adequate remedy at law, while Defendants are being unjustly enriched.

J.     **Slander Per Se**

129.    Toyo re-alleges and incorporates by reference each and every allegation in paragraphs 1 through 48.

130.    Upon information and belief, Yokohama and/or Continental have represented to Toyo's customers and/or potential customers that Toyo already had been expelled from the GTY Partnership, that Toyo would be unable to supply such customers' truck and bus radial tire needs and/or that Yokohama and/or Continental could, instead, service these customers and/or potential customers – despite the fact that, at the same time, Yokohama and/or Continental had represented to Toyo that the December 22, 2009 dissolution notice had been suspended and that GTY would continue to supply Toyo with truck and bus radial tires through January 13, 2010.

131.    Upon information and belief, Defendants reasonably understood that these statements related to Toyo, Toyo's status as a Partner in GTY, and/or Toyo's ability to service customers and potential customers.

132.    Upon information and belief, Defendants reasonably understood such statements (at the time they were made) to mean that Toyo would no longer be able to provide GTY-manufactured truck and bus radial tires to customers and/or potential customers, and that these statements were directly contrary to the representations that Defendants made to Toyo (stating that GTY would continue to supply Toyo with truck and bus radial tires through January 13, 2010).

133.    Upon information and belief, Defendants, which combined to expel Toyo from GTY, had serious doubts with respect to the truth of their statements in light of their representations to Toyo, and that such statements would cause injury to Toyo's reputation as a prompt supplier of truck and bus radial tires, and other tire products.

134.    Thus, Toyo seeks an injunction and/or damages in an amount to be determined, including punitive damages, and corrective advertising and other actions as approved by Toyo to remedy the harm to Toyo's reputation with customers and potential customers in the tire business.

-29-

**K.     Interim Injunctive Relief**

135.    Toyo re-alleges and incorporates by reference each and every allegation in paragraphs 1 through 48, as well as all of the claims and other allegations set forth in this Complaint.

136.    Toyo seeks interim relief to prevent Defendants from terminating Toyo's status as a Partner in GTY and from disrupting GTY's supply of truck and bus radial tires to Toyo, until such time as the Arbitral Tribunal (as the Partnership Agreement specifies that disputes must be resolved by arbitration, and this Complaint is filed in aid of arbitration pursuant to California Code of Civil Procedure § 1281.8(b)) renders a final decision on the merits. Toyo has no adequate remedy at law to compensate it for the irreparable harm and injury that it has and will suffer if the Defendants' dissolution of GTY (and expulsion of Toyo from GTY) is not reversed with all deliberate speed pending an interim order or award by the Arbitral Tribunal.

137.    As set forth above, Defendants have willfully refused, and are refusing, to reinstate Toyo into the Partnership. In so doing, Defendants have ceased to manufacture truck and bus radial tires for supply to Toyo, thereby preventing Toyo from immediately filling orders to satisfy customer demand in North America.

138.    Toyo does not have an alternative means to source the nearly 290,000 units that it should have received this year from GTY. Toyo currently estimates that developing or securing alternative manufacturing capacity for a portion of the lost supply will take a minimum of eight (8) months, and to replace all of the lost supply will likely take several years. Defendants' wrongful conduct will cause Toyo to be unable to fulfill customer orders while this matter is being adjudicated before the ICC or such alternative manufacturing capacity is secured, and such wrongful conduct will cause irreparable damage to Toyo's North American operations and its reputation.

139.    Therefore, Toyo seeks immediate interim relief to preserve Toyo's position in the Partnership immediately prior to the Parties' dispute. Toyo specifically seeks an interim order or award preventing Defendants from terminating Toyo's status as a Partner in GTY and from

-30-

1   disrupting GTY's supply of truck and bus radial tires to Toyo until such time as the Arbitral

2   Tribunal is constituted and renders a decision.

3   **VI.   <u>PRAYER FOR RELIEF</u>**

4        WHEREFORE, Toyo incorporates the foregoing paragraphs of this Complaint as if fully

5   set forth herein; and

6        WHEREFORE, Toyo continues to reserve fully its rights to amend or supplement this

7   Complaint, including the addition of parties and/or claims, and this Complaint is made without

8   prejudice to those rights;

9        THEREFORE, Toyo prays for judgment against Defendants, and each of them, jointly and

10   severally, as follows:

11        1.    Toyo respectfully requests that the Court issue an Order that preserves the *status*

12   *quo ante* pending the constitution of an Arbitral Tribunal and a decision by such Arbitral Tribunal

13   on the merits, and therefore, Toyo seeks an Order enjoining Defendants from:  (i) terminating

14   Toyo's status as a Partner in GTY, causing Defendants to honor their fiduciary obligations in

15   good faith under the Partnership Agreement ; (ii) disrupting GTY's supply of truck and bus radial

16   tires to Toyo; and (iii) making false, disparaging, inflammatory, or other defamatory statements to

17   Toyo's customers, potential customers, or to any third party whatsoever regarding Toyo's

18   business and/or its Partnership status, including, but not limited to, Toyo's supply of truck and

19   bus radial tires from the Partnership, Toyo's ability to supply such tires to customers, and/or to

20   otherwise carry on its business; and

21        2.    For affirmative relief to correct, minimize, and mitigate damage that has already

22   occurred by virtue of any statements, whether written or oral, in connection with Toyo, its

23   business and/or its Partnership status, including, but not limited to, Toyo's supply of truck and

24   bus radial tires from the Partnership, Toyo's ability to supply such tires to customers, and/or to

25   otherwise carry on its business; and

26

27

28

TOYO'S COMPLAINT AGAINST DEFENDANTS

1    3.    For such further relief as the Court may deem just and equitable.

2

3    DATED:  January 11, 2010              PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                           DONNA D. MELBY
4                                          DANIEL PRINCE

5                                          By: _Donna D. Melby_____

6                                               DONNA D. MELBY

7                                          Attorneys for Plaintiff
                                           TOYO TIRE HOLDINGS OF AMERICAS INC., as
8                                          successor in interest to TOYO TIRE INTERNATIONAL,
                                           INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       -32-

**EXHIBIT   B**

17.3   <u>Arbitration</u>.  All matters not provided for in this Partnership Agreement or in any other Basic Document or any difference of opinion, dispute or claim in relation thereto or arising out of this Partnership Agreement or any other Basic Document shall be resolved amicably by mutual consultation between the parties hereto or thereto.  Failing such amicable resolution all disputes arising in connection with this Partnership Agreement or any other Basic Document shall be finally settled by arbitration.  The seat of the

arbitration shall be in Geneva, Switzerland.  All arbitration shall be conducted in the English language in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce by three arbitrators appointed in accordance with such Rules.  The validity, interpretation and performance of this Partnership Agreement and the other Basic Documents and all transactions resulting therefrom shall be governed by the laws of the State of Ohio, United States as provided in Section 17.2 hereof.

EXHIBIT B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 52 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Toyo Tire Holdings of America, Inc.

**DEFENDANTS**
Continental Tire North America, Inc., et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number If you are representing
yourself, provide same )

Paul Hastings Janofsky & Walker LLP
515 South Flower, 25th Floor
Los Angeles, CA 90071-2228
213.683.6000

Attorneys (If Known)

McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
310.315.8200

**II. BASIS OF JURISDICTION** (Place an X in one box only )

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S.
Government Not a Party

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship
of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only )

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-
District
Litigation

☐ 7 Appeal to District
Judge from
Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity )

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☒ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **SACV10-00052 JVS (RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff resides in Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Continental Tire North America, Inc. (Ohio); Defendant Yokohama Corporation of America (South Carolina); Defendant GTY Tire Company (Ohio) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Removed from Superior Court, Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   1/12/10

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |