1

2

MCGUIREWOODS LLP
LESLIE M. WERLIN (SBN 67994)
lwerlin@mcguirewoods.com
SIDNEY K. KANAZAWA (SBN 84608)
skanazawa@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendant Continental Tire North America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYO TIRE HOLDINGS OF AMERICAS INC., a California corporation, as successor in interest to TOYO TIRE INTERNATIONAL, INC.,<br><br>               Plaintiff,<br><br>     vs.<br><br>CONTINENTAL TIRE NORTH AMERICA, INC., an Ohio corporation, as successor in interest to GENERAL TIRE, INC.; YOKOHAMA CORP. OF AMERICA, a California corporation; GTY TIRE CO., an Ohio general partnership; and DOES 1-100, inclusive,<br><br>               Defendant. | CASE NO. SACV10-52-JVS (RNBx)<br><br>**Assigned for All Purposes to:**<br>Hon. James V. Selna<br><br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>**Date: June 29, 2010**<br>**Time: 10:00 am**<br>**Courtroom: 10C** |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Confidentiality Agreement and Stipulated Protective Order is hereby entered into by and between Claimant Toyo Tire Holdings of Americas Inc., as successor to Toyo Tire International, Inc. ("Toyo-US"), and Defendants Yokohama Corporation of America ("Yokohama-US"), Continental Tire North America, Inc., as successor to General Tire, Inc. ("Continental-US"), and GTY Tire Co. ("GTY") (collectively, Yokohama-US, Continental-US, and GTY shall be referred to herein as "Defendants"), through their respective counsel of record.

The action Toyo Tire Holdings of Americas, Inc. v. Continental Tire North America, Inc. ("the Litigation") may require the disclosure of information, either documentary or testimonial or both, that is regarded by the producing party as confidential and/or private information that may incorporate or contain proprietary data, trade secrets, other valuable or commercially sensitive information, and/or relate to confidential and private information concerning parties, witnesses, and persons that may not be a party to the Litigation.  To protect the documents and information produced during the course of this Litigation, Claimant Toyo-US and Defendants (collectively, the "Parties") hereby agree to the following Order.

It is hereby agreed and ordered that each Party to this Litigation, as well as anyone else who subsequently may subscribe to this Protective Order (by execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Appendix A ("Confidentiality Undertaking"), (collectively, the Parties and everyone who executes a Confidentiality Undertaking shall be deemed "Bound Parties"), shall be bound by this Protective Order as follows:

PROTECTED INFORMATION

1.      This Protective Order shall govern all materials generated in this Litigation,  including but not limited to the following:  all submissions to the Tribunal, all correspondence between or among the parties, all documents, affidavits,

2

motions, all Tribunal rulings (including but not limited to interim and final awards), data and information produced in discovery, answers to interrogatories, depositions and deposition exhibits, and responses to requests for admission (collectively, "Litigation Information").  The fact that a particular type of discovery is mentioned does not indicate that such discovery is agreed to among the parties.

2.    Litigation Information designated for protection under this Protective Order shall be designated as (a) CONFIDENTIAL or (b) ATTORNEYS' EYES ONLY by the entity or individual producing it ("Producing Party") prior to disclosing it to the entity or individual receiving it ("Receiving Party"), and any documents or information derived therefrom shall be used solely for purposes of this Litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the public, government or media, or in any other litigation or investigatory proceeding.  Litigation Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY constitutes "Protected Information" under this Order.  For the purposes of this Order, the "Litigation" includes any proceeding to confirm or enforce an award.

3.    The "CONFIDENTIAL" designation may be applied to Litigation Information that the Producing Party reasonably and in good faith determines to constitute commercially sensitive mater which if disclosed would damage the Producing Party or unfairly advantage any third party, including such information generated in connection with this Litigation, including, but not limited to the following:  all submissions to the tribunal and communications to the other parties, motions, deposition and hearing transcripts, documents created for the Litigation or produced in this proceeding either by a party to the Litigation or a third party, a final award, all reasoned decisions, any interim decisions or awards, all correspondence between or among the parties, oral discussions, or other information exchanged in connection with this Litigation.  As used herein, the term "documents" shall be

3

broadly construed to include information that is recorded in any form, including, but not limited to, hard copy, electronically stored information, and audio and video recordings.  Unless otherwise specified, the "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" designation shall apply to all materials generated in connection with this Litigation regardless of whether a "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" legend is affixed to any particular documents and/or information.

4.     The "ATTORNEYS' EYES ONLY" designation may only be used for Litigation Information that the Producing Party reasonably and in good faith determines to constitute confidential and highly sensitive technical, technical development, financial, or business information the disclosure of which could result in irreparable financial injury or the reduction in the Producing Party's competitive advantage in the marketplace, including but not limited to trade secrets, information relating to unpublished patent applications, non-public financial or pricing information, information or documents that relate to products under development, product supplier and sourcing information, and contracts or business arrangements with entities that are not parties to this Litigation.

DESIGNATING AND HANDLING CONFIDENTIAL MATERIAL

5.     To designate and categorize written Litigation Information as "CONFIDENTIAL", no additional marking is required – all Litigation Information is automatically deemed "CONFIDENTIAL" with or without such designation.

6.     Confidential Information designated pursuant to Paragraph 5 may be disclosed only to the following persons, each of whom shall be deemed a "Receiving Party," except upon the prior written consent of the Producing Party:

(a)     Attorneys from any law firm that is counsel of record for any Bound Party in this Litigation, and in-house counsel for any Bound Party.

(b)     The Bound Parties;

(c)     Witnesses who may or will testify at deposition, trial or otherwise in this Litigation and who have executed a Confidentiality Undertaking prior to disclosure;

(d)     Independent consultants and experts, to the extent disclosure is necessary for their services in connection with this Litigation, provided that such consultants and experts have executed a Confidentiality Undertaking prior to disclosure;

(e)     Outside contractors hired by any of the parties designated in 5(a), (b), (c), and (d) to copy, index, sort, or otherwise manage the storage and retrieval of Litigation Information, provided that such outside contractors have agreed in writing to keep confidential any Confidential Information to which they have access;

(f)     Secretarial, clerical and legal assistants working under the supervision of the parties designated in Paragraphs 5(a), (b), (c), and (d) assigned to and necessary to assist in the conduct of this Litigation;

(g)     Any other individual that the document clearly identifies as an author, addressee, or copy recipient;

(h)     Court reporters and videographers who record and/or transcribe deposition or other testimony in this Litigation;

(i)     The ICC Secretariat, the Tribunal and staff assisting members of the Tribunal; and

(j)     Any other entity or individual designated by a further order of the Tribunal to receive Confidential Information.

DESIGNATING AND HANDLING ATTORNEYS' EYES ONLY MATERIAL:

7.     To designate and categorize written Litigation Information as Attorneys' Eyes Only Information, the Producing Party shall stamp or otherwise mark "ATTORNEYS' EYES ONLY" on each page of such Litigation Information.

8.     The information designated as ATTORNEYS' EYES ONLY pursuant to Paragraph 7 may be disclosed only to the following persons, each of whom shall be deemed a "Receiving Party," except upon the prior written consent of the Producing

5

Party:

(a)     Attorneys from outside counsel of record for any Bound Party in this Litigation, but not in-house counsel for any Bound Party except for George Jurch and Jack Lasater, with the understanding that Defendants have committed that Mr. Jurch and Mr. Lasater shall not be witnesses in Defendants' case in the District Court proceedings or the ICC Arbitration, and shall not offer testimony by declaration or otherwise in support of Defendants' case.

(b)     Independent consultants and experts, to the extent disclosure is necessary for their services in connection with this Litigation, provided that such consultants and experts have executed a Confidentiality Undertaking prior to disclosure;

(c)     Outside contractors hired by any of the parties designated in Paragraphs 7(a) or 7(b) to copy, index, sort, or otherwise manage the storage and retrieval of Litigation Information, provided that such outside contractors have been advised orally or in writing of the ATTORNEYS' EYES ONLY designation and have agreed in writing to keep confidential any ATTORNEYS' EYES ONLY Information to which they have access;

(d)     Secretarial, clerical and legal assistants working under the supervision of the parties designated in Paragraphs 7(a) and (b) assigned to and necessary to assist in the conduct of this Litigation;

(e)     Any other individual that the document clearly identifies as an author, addressee, or copy recipient;

(f)     Court reporters and videographers who record and/or transcribe deposition or other testimony in this Litigation;

(g)     The ICC Secretariat, the Tribunal and staff assisting members of the Tribunal; and

(h)     Any other person designated by a further order of the Tribunal to receive ATTORNEYS' EYES ONLY Information.

6

1

2

3          9.     To control the proliferation of "ATTORNEYS' EYES ONLY"

4   Information, without prior written approval from the Producing Party, no Receiving

5   Party shall make more than four (4) copies of any document that has been identified

6   as "ATTORNEYS' EYES ONLY."  Specifically, with respect to any information that

7   has been identified as a trade secret and has been designated as "ATTORNEYS'

8   EYES ONLY," such trade secret information shall be stored and kept in the office of

9   outside counsel on whom such information was produced, under lock and key.  In

10   addition, the reviewing party shall keep a log that identifies the date, time, and

11   person(s) who may access such trade secret information.  For purposes of this

12   paragraph "trade secrets" shall be defined to include formulas, practices, designs,

13   patterns, techniques, programs, and/or compilations that are not generally known to

14   the public, but confer some sort of economic benefit on the holder, and are the subject

15   of reasonable effort to maintain its secrecy, as set forth in Ohio Commercial Code §

16   1333.61(D).

17          10.    If it becomes necessary for counsel for a party possessing

18   "ATTORNEYS' EYES ONLY" Information to disclose it to some other person(s) not

19   identified in paragraph 8(a)-8(h) to properly prepare for a proceeding in connection

20   with this Litigation, or to evaluate the facts, claims, and defenses for purposes of

21   discussing settlement of this Litigation, the following procedures shall be employed:

22   a.     In the event that counsel for any party desires to disclose "ATTORNEYS'

23   EYES ONLY" Information to some other person(s) not identified in paragraph 8(a)-

24   8(h), counsel for the party intending to disclose such information shall notify, in

25   writing by either e-mail and by overnight delivery or fax, counsel for the party which

26   produced such "ATTORNEYS' EYES ONLY" Information of the intent to disclose

27   such information and shall describe with specificity the precise documents, things,

28   and/or information that is sought to be disclosed (as well as to identify the person(s)

to whom such disclosure is intended, when the disclosure is planned, and the general

7

purpose of the disclosure), such that the party that produced the "ATTORNEYS'
EYES ONLY" Information may determine whether an objection to disclosure is
appropriate.  The Parties agree to meet and confer on any proposed disclosure within
five (5) business days.

b.      After the completion of the meet and confer process and before disclosing any
"ATTORNEYS' EYES ONLY" Information, counsel for the disclosing party shall
serve upon opposing counsel an undertaking in the form attached hereto as Appendix
A, whereby the person(s) intended to receive such documents, things, and/or
information shall agree to comply with the terms of this Protective Order and to be
bound by the same.

c.      If the opposing party objects to such disclosure, the party seeking disclosure
may bring before the Tribunal the question of whether the particular "ATTORNEYS'
EYES ONLY" Information can be disclosed to the designated person(s) and the party
requesting such disclosure shall have the burden of establishing before the Tribunal
the necessity for such disclosure.

d.      With respect to any witness, any proposed disclosure of "ATTORNEYS'
EYES ONLY" Information shall be limited to that information necessary for the
witness's consultation work or preparation to testify

11.      For purposes of Paragraphs 5 through 8, information produced or
provided on a computer disk, data tape or other medium that has not been reduced to
paper form may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY
by informing all Parties in writing that the computer disk, data tape or other medium
contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information.  Because of
the restrictions on use of ATTORNEYS' EYES ONLY information, a Producing
Party must indicate in writing which documents or data are ATTORNEYS' EYES
ONLY either by segregating the documents on to a disk, data tape or other medium
with an appropriate label, by labeling or branding the document itself or providing a

8

1
2
3   list of such documents.

4       CHALLENGING CONFIDENTIALITY DESIGNATION:

5       12.     A Bound Party shall not be obligated to challenge the propriety of a

6   designation of Litigation Information as Protected Information under this Protective

7   Order at the time made, and the failure to do so shall not preclude a subsequent

8   challenge.  If at any time a Receiving Party objects to a designation of information as

9   ATTORNEYS' EYES ONLY ("Objecting Party"), the Objecting Party shall notify

10  the Producing Party in writing of its request to have the designation modified or

11  withdrawn ("Challenge Notice") within ten (10) business days of receipt of the

12  Litigation Information so designated.  The Challenge Notice shall identify the

13  Litigation Information in question, and shall specify in reasonable detail the reason or

14  reasons for the objection.  Within ten (10) business days of the receipt of a Challenge

15  Notice, the Producing Party shall respond in writing to the Objecting Party, either

16  withdrawing the designation, setting forth in reasonable detail the reasons why the

17  Producing Party believes the Litigation Information is entitled to the designated

18  status, or modifying the designation and setting forth in reasonable detail the reasons

19  why the Producing Party believes the Litigation Information is entitled to a modified

20  designation.  If not satisfied, the Objecting Party may move the Tribunal for an order

21  stating a different designation for the Litigation Information within ten (10) business

22  days of receiving from the Producing Party the justification for the designation.  The

23  Litigation Information that is the subject of such a motion shall be treated in

24  accordance with its original designation until the Tribunal makes a final ruling on the

25  motion.  The burden shall be on the Producing Party defending that designation to

26  establish the validity of the designation.

27       JURISDICTION:

28       13.     Each Bound Party hereby agrees to subject himself/herself/itself to the
    jurisdiction of the Tribunal for the purpose of any proceedings relating to the

9

performance under, compliance with, or violation of, this Protective Order.  If a Bound Party breaches its obligations in connection with this Order after the Tribunal issues a final award, then the aggrieved party may apply to any court of competent jurisdiction for relief in connection with the alleged breach of this Order.

14.    Each Bound Party hereby agrees that in the event any Litigation Information is disclosed is disclosed or has been disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party, orally and in writing, and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information. Furthermore, the disclosing party must immediately notify the opposing party, in writing, of what affirmative steps have been taken to prevent further disclosure by the disclosing party and by the person who was the recipient of such information.  If the party whose information was disclosed determines that the proposed remedies are not sufficient, counsel shall immediately meet and confer to identify the best available cure for the inadvertent disclosure.

15.    Each Bound Party hereby agrees that damages resulting from any breach of this Order would be extremely difficult or impracticable to determine.  In acknowledgment of these and other facts, and the irreparable harm that would result from any breach to the opposing party, all Parties agree that in the event of a breach of any of the provisions of this Order, the party responsible for such breach shall be liable to the other party or Parties for whatever injunctive relief or other remedies that may be appropriate.  In further acknowledgment of the foregoing, all parties agree that injunctive relief is an appropriate and necessary remedy for any breach or reasonably foreseeable breach of any of the provisions of this Order.

DEPOSITIONS AND PROCEEDINGS BEFORE TRIBUNAL:

10

1

2

3      16.     Testimony or other material disclosed or to be disclosed at any

4  deposition or during a proceeding before the Tribunal ("Tribunal Proceeding") may

5  be designated and categorized under Paragraphs 3, 4, and 5 by any Bound Party by

6  (a) indicating on the record at the deposition or during the Tribunal Proceeding that

7  the testimony or other material is designated as CONFIDENTIAL or ATTORNEYS'

8  EYES ONLY under this Protective Order; (b) notifying all Parties in writing of such

9  designation prior to the deposition or Tribunal Proceeding; or (c) by making such a

10 designation, in writing to all Parties, within until thirty (30) calendar days from the

11 earlier of the date that the transcript is first available for review by the witness or the

12 date that the preliminary transcript is sent to counsel, if ordered.  Any such

13 designation must be pursuant to the standards set forth in Paragraphs 1, 3 and 4 of

14 this Protective Order.  In the event of a designation after a deposition pursuant to

15 clause (c) of this Paragraph,  the deposition transcript or portion thereof designated

16 pursuant to clause (c) shall be considered "CONFIDENTIAL" or "ATTORNEYS'

17 EYES ONLY" at and after the time of designation, and any disclosure prior to such

18 designation shall not be a violation of this Order.  The court reporter shall designate

19 and categorize those portions of deposition and Tribunal Proceeding transcripts that

20 are considered by the designating party to be Protected Information with an

21 appropriate legend under Paragraph 5 and shall separate portions of transcripts and

22 exhibits that contain Protected Information from those portions of transcripts and

23 exhibits that do not.

24      17.     In the event that any question is asked at a deposition or at a Tribunal

25 Proceeding with respect to which a Party asserts that the answer requires the

26 disclosure of Protected Information, such question shall nonetheless be answered by

27 the witness fully and completely.  Prior to answering, however, all persons present --

28 other than those who are persons covered by Paragraphs 6 and 8 of this Protective

Order -- shall be advised of and shall agree to the terms and conditions of the

Protective Order and, at the request of the Producing Party, all persons, other than the witness and the witness' counsel, who are not allowed to obtain such information pursuant to this Protective Order shall leave the room during the time in which this information is disclosed.

PRODUCTION BY THIRD PARTIES:

18.     Any third party producing confidential information in connection with this Litigation and who has executed a Confidentiality Undertaking shall have the right to designate the third party's own information as Confidential Information or Attorneys' Eyes Only Information subject to the terms of this Protective Order, and to the extent that any third party thus produces information subject to the terms of this Protective Order, the Bound Parties agree to treat the third party's Protected Information in accordance with the terms of this Protective Order.

INADVERTENT MISDESIGNATION:

19.     In the event that a Producing Party discovers that Protected Information inadvertently has been produced without being marked with the appropriate designation, the Producing Party may thereafter notify the Receiving Party and require the Receiving Party either to retrieve and return to the Producing Party or else destroy any unmarked or incorrectly marked material, with the Producing Party then substituting appropriately marked material to the Receiving Party, provided (i) the Producing Party initially has taken reasonable measures to identify and designate the subject material, and (ii) the Producing Party notifies the Receiving Party promptly after learning of such inadvertent designation.  The Receiving Party shall have no liability with respect to any prior disclosure or use of such Litigation Information that is consistent with the terms of this Protective Order.

INADVERTENT PRODUCTION:

20.     If a Producing Party discovers that it has produced information subject to the attorney-client privilege and/or the work product doctrine to a Receiving Party

12

1

2

3   inadvertently, then the Producing Party shall be entitled to request the immediate

4   return of such information, provided:  (i) the Producing Party initially has taken

5   reasonable measures to identify and withhold materials subject to such a claim, and

6   (ii) the Producing Party notifies the Receiving Party promptly after learning of such

7   inadvertent production.  Upon notification from the Producing Party that an

8   inadvertent production has been made, together with identification of the material at

9   issue and the nature of the claim being asserted, the Receiving Party immediately

10  shall either retrieve and return to the Producing Party or else destroy all copies of

11  such information and the Receiving Party thereafter shall make no use of any kind of

12  any information obtained therefrom.  However, the Receiving Party shall have no

13  liability with respect to any prior good faith disclosure or use of such information that

14  is consistent with the terms of this Protective Order.  Nothing herein shall prevent the

15  Receiving Party from challenging, by motion, the propriety of the assertion of

16  attorney-client privilege or work product immunity.

17          INADVERTENT DISCLOSURE:

18          21.     In the event of an inadvertent disclosure by a Receiving Party of

19  Protected Information, the Receiving Party making the inadvertent disclosure shall,

20  upon learning of the disclosure:

21          (i)     immediately notify the entity or individual to whom the disclosure was

22  made that the disclosure contains Protected Information subject to this Protective

23  Order;

24          (ii)    immediately make all reasonable efforts to recover the disclosed

25  Protected Information as well as preclude further dissemination or use by the entity or

26  individual to whom the disclosure was made; and

27          (iii)   immediately notify the Producing Party of the identity of the entity or

28  individual to whom the disclosure was made, the circumstances surrounding the

disclosure, and the steps taken to recover the Protected Information and ensure

13

against the further dissemination or use of the Protected Information.

TERMINATION:

22.    In the event any person or party ceases to be engaged in the conduct of this Litigation, such person's or party's access to any and all Confidential and Attorneys Eyes Only Information shall be terminated, and all copies thereof shall be returned or destroyed by such party or person in accordance with the terms of Paragraph 27, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this Litigation.  This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys for each Case Party as archival records or other attorney work-product created for any Case Party.  Any Protected Information, or portions or excerpts thereof, which are not destroyed or returned pursuant to this Paragraph, shall remain subject to the terms of this Protective Order.

MISCELLANEOUS PROVISIONS:

23.    All Protected Information produced in this Litigation only shall be used in connection with the preparation, trial, and appeal, if any, of this Litigation, and shall not be used for any other purpose.

24.    No Litigation Information shall be Protected Information if it is, or becomes, widely available as a matter of public record through the actions of the Producing Party, or is, or previously has been, otherwise intentionally disclosed to the public at large by the Producing Party.

25.    This Protective Order pertains only to Litigation Information provided by a Producing Party and does not limit the use or disclosure of materials that have been obtained by any Bound Party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

14

26.    Notwithstanding the designation of any material as "ATTORNEYS' EYES ONLY," the Parties reserve their right to seek relief regarding material that they believe was wrongfully or illegally obtained, including, but not limited to, the return of the material and/or damages for misappropriation or unauthorized use.

27.    After the final disposition of this Litigation, whether by settlement, dismissal with or without prejudice, termination of a proceeding to confirm an Litigation award, or expiration of the time allotted to commence a proceeding to confirm an award ("Final Disposition"), and within thirty (30) calendar days of a request by the Producing Party, all Receiving Parties shall, at their election, either return all Protected Information and all copies thereof to the Producing Party or destroy all Protected Information and all copies thereof.  Within ten (10) days after the Final Disposition, the Bound Parties shall produce to all Case Parties all Confidentiality Undertakings executed under this Protective Order, except for those executed by non-testifying experts and non-testifying consultants.  All Receiving Parties shall certify, to the best of their knowledge after reasonable inquiry, the return or destruction by affidavit or signed letter furnished to the Producing Party.  This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys for each Case Party as archival records or other attorney work-product created for any Case Party.  Any Protected Information, or portions or excerpts thereof, which are not destroyed or returned pursuant to this Paragraph, shall remain subject to the terms of this Protective Order.

28.    If a Receiving Party receives a subpoena or other form of compulsory process from a third party seeking production or other disclosure of Protected Information, it immediately shall give written notice to the Producing Party that designated the Protected Information, specifying the Protected Information sought by the third party and enclosing a copy of the subpoena or other form of compulsory process.  In no event shall production or disclosure be made before twenty-one (21)

15

calendar days after giving such notice to the Producing Party unless specifically ordered by a court.

29.     This Protective Order shall not limit any Party from making any disclosure of Litigation Information as may be required as a matter of law or to any governmental or administrative authorities to whom disclosure may be required by law.  In the event that a Receiving Party receives such a request for Litigation Information, it immediately shall give written notice to the Producing Party, specifying the Litigation Information sought and enclosing a copy of the request.  In no event shall production or disclosure be made before twenty-one (21) calendar days after giving such notice to the Producing Party unless specifically ordered by a court.

30.     Any Party at any time may make a motion requesting that the Tribunal modify this Protective Order to provide additional or different protection. Furthermore, Parties may, in the future, agree to modify this Protective Order as necessary.

31.     This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

32.     For this Litigation, this Protective Order shall govern discovery and Tribunal proceedings.

33.     The treatment accorded Protected Information under this Protective Order shall survive the Final Disposition.

34.     The disclosure of Litigation Information or its production for inspection in this Litigation shall not constitute an admission of its authenticity or of its admissibility in this Litigation.  Nothing in this Protective Order shall bar or otherwise restrict any counsel for a Bound Party from rendering legal services to the Bound Party in connection with this Litigation; provided, however, that in rendering such legal services and in otherwise communicating with the Bound Party, the attorney shall not disclose the content or the source of any Protected Information

16

1

2

3   unless the Bound Party is entitled to have access to the Protected Information

4   pursuant to this Protective Order.

5        35.  With respect to court filings, each Party shall apply to the Court for an

6   order to seal any pleading, declaration, or other court filing which contains

7   CONFIDENTIAL or ATTORNEYS' EYES ONLY material.  The application shall

8   contain a showing that the document in fact contains such protected information, and

9   there shall be no presumption that a document contains such information,

10  notwithstanding any other provision of this Order.  A Party applying for sealing shall

11  use its best efforts to segregate protected information from non-protected

12  information.  Within 72 hours of the grant of any application for sealing, the Party

13  shall file a public redacted version of any declaration,  memorandum of points and

14  authorities, or other substantive pleading covered by the sealing order.

15

16        IT IS SO ORDERED.

17

18  Date:  June 29, 2010

19                              James V. Selna

20                              United States District Court Judge

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APPENDIX A

CONFIDENTIALITY UNDERTAKING

OF _____

1.      My name is _____. I declare under penalty of perjury of the laws of the United States of America that I have read the Stipulated Protective Order and Confidentiality Agreement (the "Protective Order"), concerning the confidentiality of information in the above-referenced Litigation.  I understand that the Protective Order is a legally binding document designed to preserve the confidentiality of certain documents and/or information.  I also understand that the Protective Order restricts the use, disclosure, and retention of confidential information and also requires the safeguarding and return of documents and other materials.

2.      A copy of the Protective Order has been provided to me, and I have reviewed its terms and conditions.  I agree to comply with all provisions of the Protective Order described above with respect to any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information or material.  I hereby consent to jurisdiction in the above-referenced Litigation for any proceedings involving the enforcement of this Protective Order.

3.      Without limiting the foregoing, I agree that I will not disclose or discuss any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information or material with any persons other than counsel for either party and paralegal and clerical personnel assisting such counsel, and other persons permitted access to such material under the Protective Order and who, pursuant to the provisions of the Protective Order, have signed undertakings under penalty of perjury undertaking to preserve the

18

confidentiality of such material.

4.      I agree to use any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"
information or material solely in connection with participation in this action and for
no other purpose.

I declare under penalty of perjury under the laws of the United States of America, that
the foregoing is true and correct.

Executed this _____ day of _____, 2010, at _____, _____.

Signature _____

Name _____

Street Address _____

City, State, and Zip Code _____

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28